### HARRIS V. WILLIAMS,

Where a party seeks the enforcement of so rigorous a rule as the affirmance of a judgment without reference to the merits, his application must come within the peremptory demand of the statute. (Note 72.)

Where the transcript was filed by the defendant in error, who moved for an affirmance of the judgment without regard to the merits, there being no indorsement upon the transcript, as required by the statute, the motion was refused, the writ of error dismissed, and the defendant in error condemned to pay the costs.

Error from Bowie. The defendant in error recovered a judgment against the plaintiff in error at the Fall Term of the District Court now last past. The plaintiff obtained a writ of error returnable to this court. On the 23d day of January, in the present term, being after the expiration of the time within which the appellant is permitted to file the record, the appellee filed it, and now moves for an affirmance of the judgment, under the act of 1848, (p. 74, sec. 4,) without reference to the merits. This motion the plaintiff in error resists, and moves to dismiss the writ of error for the want of a perfect record, the clerk having omitted to indorse thereon the day on which it was demanded and on which it was delivered, as required by the act of 1846, (p. 400, sec. 139.)

*Ellett*, for plaintiff in error.

*Morrill*, for defendant in error.

WHEELER, J. Where a party seeks the enforcement of so rigorous a rule as the affirmance of a judgment without reference to the merits, his application ought certainly to receive no favor beyond what the rule of the law may seem peremptorily to demand. He ought to be held to an exact compliance with the law in every particular. He demands the enforcement [**340**] of the rigid rule, regardless of the right and justice of the case, and he cannot complain if the same principle which he invokes is applied to his own case. He ought himself to be held to strict compliance with the very letter of the law which he seeks to enforce.

Such a compliance is not shown in the present case. There is not the indorsement upon the transcript required by the statute. We are of opinion, therefore, that the motion to affirm be refused, and that the writ of error be dismissed, at the costs of the defendant in error.

Ordered accordingly.

NOTE 72.—Harris *v.* Williams, *ante,* 320.